(91 South. 310)

SAINT v. BRITNELL. (8 Div. 378.)

(Supreme Court of Alabama. Oct. 20, 1921.)

1. Evidence ⬅450(4)—Contract held a lease excluding parol evidence contrary to its terms.

A contract between a life tenant and the remainderman, whereby the life tenant leased and turned over to the remainderman her life interest in the property, and which stated the intention of the parties that the lease or contract should run during the natural life of the life tenant, and that the remainderman should pay a stipulated annual payment to the life tenant, was not of doubtful interpretation, but was clearly a lease, and not a conveyance of the interest of the life tenant, so that it was not error to exclude parol evidence varying or contradicting its terms.

2. Judgment ⬅217—Judgment on directed verdict for variance between allegation and proof is not final on the merits.

Where the complaint alleged the contract in suit was a conveyance, while the contract itself showed it was a lease, a judgment for defendant, entered on a verdict which was properly directed for him because of the variance, was based on a matter of practice, and was not final on the merits.

3. Life estates ⬅25 — Remainderman lessee of life tenant is liable for proportionate part of rent for year in which life tenant died.

Where the remainderman had leased the life tenant's interest for a stipulated annual rental, he is liable for the just proportion of the annual rent for the year in which the life tenant died.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Assumpsit by Robert Saint, as administrator of the estate of Nancy Sugg, against B. F. Britnell. Judgment for defendant, and the plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, page 449. Affirmed.

The complaint alleged that Nancy Sugg departed this life on the 1st day of August, 1919; that Robert had been duly appointed administrator of her estate, and that Britnell had failed and refused to pay the installment due October 20, 1919, of $200, on his purchase of the life estate of said Nancy Sugg. The contract referred to is as follows:

"This contract made and entered into by and between Nancy Sugg, party of the first part, and B. F. Britnell, party of the second part, witnesseth: That for and in consideration of the sum of two hundred dollars per year to be paid to the party of the first part by the party of the second part, said payment of two hundred dollars to be made on or by the 20th day of October each year, the said party of the first part does hereby lease and turn over to the party of the second part all her right, title and life interest in and to the following described real estate situated, lying and being in the county of Franklin, and state of Alabama, to wit: [Here follows description of the land.] It is agreed and understood that Fannis Suggs' part shall not be in the above lands. The party of the second part is to pay the taxes and all expenses of keeping said property in repair. It is the intention of the parties hereto for this lease or contract to run during the natural lifetime of the party of the first part, subject to the stipulation and agreements herein made.

"In witness whereof we have hereunto set our hands and seals, this 12th day of February, 1910. her

"Nancy X Sugg. [L. S.]
mark
"B. F. Britnell. [L. S.]"

Travis Williams, of Russellville, for appellant.

Counsel discuss the proper interpretation of the contract with the insistence that it was a sale and not a rental contract, but he cites no authority in support thereof.

Chenault & Guin, of Russellville, for appellee.

The plaintiff must stand or fall by the written contract. 157 Ala. 528, 47 South. 595; 169 Ala. 566, 53 South. 988; 171 Ala. 332, 55 South. 109. As written, the contract was one of rental and not of sale.

McCLELLAN, J. The appellant, as administrator of the estate of Nancy Sugg, sued the appellee for $200. The claim averred was referred to a written contract, executed by Nancy Sugg and the appellee. The single count in the complaint proceeded on the expressly avowed theory that the writing evidenced a sale, consummated, of the life estate of Nancy Sugg in certain lands, the purchase price therefor being stipulated as $200 a year, payable October 20th of each year during the life of Nancy Sugg. The instrument (omitting the description) is reproduced in the report of the appeal. The court gave the general affirmative charge for the defendant, appellee.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The appellee was the owner of the remainder interest in the land, with reference to which Nancy Sugg and appellee made the contract mentioned. The contract between these parties is not of doubtful effect or operation. It was a "lease," a rental of the land, by the life tenant as lessor to the appellee as lessee, not a sale of the life estate in the lands. There are in the writing no words indicatory of a purpose to convey an estate in the land. In the instrument it is called, in one alternative, a lease. The duration of the "lease or contract" was defined as coincident with the lessor's life. It was the function of the court to give effect to the meaning expressed by the parties in the instrument. Hence there was no error in excluding parol evidence directed to the varying or contradiction of the terms of the instrument.

[2] The affirmative charge, given at the instance of the defendant (appellee), is to be justified, and is justified, alone because of a variance between the stated allegations of the complaint and the contract offered in evidence, a matter of practice, not involving a conclusion and judgment, final in nature, on the merits. Ellis v. Drake, ante, p. 145, 89 South. 388; Schillinger v. Leary, 201 Ala. 256, 258, 77 South. 846, citing earlier pronouncements here.

[3] The administrator of Nancy Sugg, the life tenant lessor, who died during the rent term 1920, is entitled, for aught that appears in this record, to recover of appellee, in a proper action, the just proportion, measured by time, of the $200 appellee engaged to pay October 20, 1920; the rent for that year being subject to apportionment under the lease of the life tenant. Graham v. Graham, 205 Ala. 644, 89 South. 25, English v. Key, 39 Ala. 113, 117, among other authorities cited in the Graham Case, supra.

The general charge for appellee was justified for the reason stated: the complaint having mistaken the character of the contract.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.